UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CAMERON TAYLOR, | ) |
| TAYLOR COMPUTER SOLUTIONS, | )   No. 1:13-cv-00798-TWP-DKL |
| INSURANCE CONCEPTS, | ) |
| FRED O'BRIEN, | ) |
| SHANNA CHEATAM, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS
AND MOTION TO STRIKE EXHIBITS**

This matter is before the Court on two motions filed by Plaintiff, Richard N. Bell: *Motion for Sanctions for Defendants' Presentation of Offer of Judgment and Settlement Statements in Violation of Fed. R. Civ. P. Rule 68 and Rule of Evidence 408* [Dkt. 24.] and *Motion to Strike Exhibits as Violations of Fed. Rules of Evidence 408 and Fed. R. Civ. P. 68.* [Dkt. 31.]  For the reasons set forth below, the Court **DENIES** both of Plaintiff's Motions.

I.   **Background**

On July 15, 2013, Defendants Cameron Taylor, Taylor Computer Solutions, Fred O'Brien, Insurance Concepts and Shanna Cheatham (collectively the "Taylor Defendants") filed a motion to amend their answer to add affirmative defenses. [Dkt. 20.] On August 5, 2013, the Taylor Defendants amended their motion. [Dkt. 26.] In his

response brief, Plaintiff asserted the Taylor Defendants unduly delayed filing their motion. Based upon alleged "repeated failures" to raise the new affirmative defenses earlier in the litigation process, Plaintiff argued the defenses were waived. [Dkt. 27.]

In their reply, the Taylor Defendants attached two email exhibits to illustrate when and how they realized they needed to assert new affirmative defenses. [Dkt. 29.] Plaintiff alleges in these Motions that the email exhibits contained statements relating to settlement negotiations that are inadmissible pursuant to Federal Rule of Evidence 408. Plaintiff moves to strike the exhibits and seeks sanctions against the Taylor Defendants. The Taylor Defendants assert the email exhibits were attached to their reply in an effort to negate Plaintiff's contention of undue delay, a use that is permitted under Rule 408.

## II. Discussion

Rule 408(a)(2) excludes evidence of conduct or statements made in compromise negotiations …offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity." This is not a blanket prohibition from using evidence relating to settlement negotiations. Rule 408(b) provides that a court may admit this evidence for another purpose, such as "proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution."

The Taylor Defendants did not offer the emails to establish liability or prove the invalidity of Plaintiff's claims. The purpose of the emails was to show why the Taylor Defendants asserted the new affirmative defenses when they did. Plaintiff objected to the Taylor Defendant's motion for leave to amend their complaint primarily because, in

his opinion, they waited too long to do so.  Plaintiff argued: "Defendants' behavior has been anything but diligent and no reasonable explanation for this lack of diligence has been provided to the Court."  [Dkt. 27 at 7.]  He further argued Defendants, "have unduly delayed raising" the new affirmative defenses and therefore waived the defenses.  *Id.* at 10.  Following these arguments, the Taylor Defendants replied with a more detailed explanation for why they were asserting the affirmative defenses at that time.  It was in this context that the Taylor Defendants introduced the two email exhibits at issue.  The Court finds the Taylor Defendants' reliance on these emails to negate Plaintiff's contention of undue delay is permissible under Rule 408.

### III.  Conclusion

Based on the foregoing, *Plaintiff's Motion for Sanctions for Defendants' Presentation of Offer of Judgment and Settlement Statements in Violation of Fed. R. Civ. P. Rule 68 and Rules of Evidence 408* [Dkt. 24.] is **DENIED**.  In light of the Court's Order granting Amended Motion for Leave to File Amended Answer to Third Amended Complaint [Dkt. 32.], *Plaintiff's Motion to Strike Exhibits as Violations of Fed. Rules of Evidence 408 and Fed. R. Civ. P. Rule 68* [Dkt. 31.] is **DENIED** as moot.

**SO ORDERED.**

Date: 09/18/2013

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com