UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-00798-TWP-DKL |
| | ) |
| CAMERON TAYLOR, TAYLOR | ) |
| COMPUTER SOLUTIONS, INSURANCE | ) |
| CONCEPTS, FRED O'BRIEN, and | ) |
| SHANNA CHEATAM, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| CAMERON TAYLOR, SHANNA | ) |
| CHEATHAM, and FRED O'BRIEN, | ) |
| | ) |
| Counter Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD N. BELL, | ) |
| | ) |
| Counter Defendant. | ) |

**ENTRY ON COUNTER-DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Plaintiff/Counter-Defendant Richard N. Bell's ("Mr. Bell") Motion to Dismiss Counter-Claim (Dkt. 35). Counter-Claimants Cameron Taylor, Shanna Cheatham, and Fred O'Brien (collectively, "Counter-Claimants") brought a counter-claim for abuse of process against Mr. Bell stemming from his underlying copyright infringement suit. For the reasons set forth below, Mr. Bell's Motion is **GRANTED**.

**I. BACKGROUND**

Mr. Bell owns the copyright to a photograph of the Indianapolis skyline ("Indianapolis Photo") that he took in March 2000. It was first published on the website "Webshots" on August

29, 2000, and has been recently published on Mr. Bell's personal website. It was registered on August 4, 2011, with the United States Copyright Office. Mr. Bell alleges that each Defendant downloaded or took the Indianapolis Photo without his permission for use on Defendants' websites for commercial use. Mr. Bell notified Defendants of the alleged infringing use and demanded payment. After Defendants refused or failed to respond, Mr. Bell filed this lawsuit and several others.

Counter-Claimants filed an amended answer and counter-claim alleging that Mr. Bell has committed an abuse of process. They further allege: the lawsuit was originally filed before Mr. Bell had registered the Indianapolis Photo; defendants are added in a manner to extract maximum payments while avoiding filing fees; Mr. Bell has an ulterior motive with respect to lowering the legal standard for determining what works are worthy of copyright protection; Mr. Bell is engaging in a "reverse class action" suit; Mr. Bell has made inexcusable errors, omissions, and mistakes; his prime goal is to derive profits via coerced settlements from defendants without the means or inclination to engage in a protracted legal battle; Counter-Claimants have been subjected to needless embarrassment, inconvenience, and cost; and the case raises a novel question of the appropriate use of federal courts in the protection of works worthy of copyright protection. Dkt. 33 at 6–7.

## II. LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III. DISCUSSION

The tort of abuse of process is governed by Indiana law, which requires: 1) ulterior motive, and 2) a willful act in the use of process not proper in the regular conduct of the proceeding. *Reichhart v. City of New Haven*, 674 N.E.2d 27, 30 (Ind. Ct. App. 1996). It "is a prime example of litigating in bad faith." *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958, 963 (7th Cir. 2010). "A suit can be wrongful even if it is not groundless, if the aim is something other than a judgment, such as bankrupting the defendant or destroying his reputation or distracting him from his other pursuits or simply immiserating him." *West v. West*, 694 F.3d 904, 906 (7th Cir. 2012). However, "[a] party is not liable if the legal process has been used to accomplish an outcome that it was designed to accomplish." *Konecranes v. Davis*, No. 1:12–cv–01700–JMS–MJD, 2013 WL 5701046, at *5 (S.D. Ind. Oct. 18, 2013) (citations omitted). Thus, the starting point of inquiry is not motive or intent, but whether the counter-defendant used an improper process to accomplish a goal other than that which the law was designed to accomplish. *Id.*; *Reichhart*, 674 N.E.2d at 30. "'Process' means the procedures incident to litigation." *Brooks v. Harding*, No. IP98–1200–C–T/G, 2001 WL 548098, at *7 (S.D. Ind. March 30, 2001) (*citing Reichhart*, 674 N.E.2d at 31). In other words, "process" means the "use of judicial machinery" by which a litigant undertakes action in

pursuing a legal claim. *Id.* "The test of an improper process is whether the legal steps were procedurally and substantively proper under the circumstances." *City of New Haven v. Reichhart*, 748 N.E.2d 374, 379 (Ind. 2001).

Counter-Claimants have failed to articulate in their counter-claim any facts that suggest Mr. Bell used any improper process to accomplish a goal not intended by the Copyright Act. The Copyright Act is intended, not only for a plaintiff to obtain damages for infringement, but to deter the infringers and other potential infringers from infringing on copyrighted works. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231–33 (1952); *F.E.L. Pub'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir. 1985). Counter-Claimants' allegations toward improper use of process include that Mr. Bell's motivation was to seek profits via coerced settlements and to lower the legal standard for determining what works are worthy of copyright protection, as well as attacking the method by which he added defendants. But Counter-Claimants have not alleged that Mr. Bell's goal was something other than protecting the copyright in his photograph, such as bankrupting the defendant or destroying his reputation or distracting him from his other pursuits. They allege that they have been exposed to embarrassment, inconvenience, and cost and that Mr. Bell is a "copyright troll," but these allegations do not state a claim for abuse of process.

Accordingly, the Court finds that Counter-Claimants have failed to plead facts showing that the filing of the complaint was done for a purpose other than that for which it was intended. The fact that Mr. Bell may have done so with ulterior or improper motives is irrelevant to this inquiry without a showing that a process was procedurally and substantively improper under the circumstances. "A regular and legitimate use of process, though with an ulterior motive or bad

intention[,] is not a malicious abuse of process." *Brown v. Robertson*, 92 N.E.2d 856, 858 (Ind. Ct. App. 1950).

## IV. CONCLUSION

Accordingly, Mr. Bell's Motion to Dismiss (Dkt. 35) is **GRANTED**. Counter-Claimants' counter-claim is **DISMISSED**.

**SO ORDERED.**

Date: 03/07/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com