# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-00798-TWP-DKL |
| | ) |
| CAMERON TAYLOR, | ) |
| TAYLOR COMPUTER SOLUTIONS, | ) |
| INSURANCE CONCEPTS, | ) |
| FRED O'BRIEN, and | ) |
| SHANNA CHEATAM, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON APPEAL OF MAGISTRATE'S DECISION

This matter is before the Court on Plaintiff Richard N. Bell's ("Mr. Bell") Appeals of Magistrate Decisions ([Filing No. 93](); [Filing No. 94]()). Mr. Bell contends the Magistrate Judge committed clear error when she granted Defendants' Motion to Compel ([Filing No. 88]()) and denied Mr. Bell's request for a protective order ([Filing No. 89]()). Finding no such errors, the Court **DENIES** Mr. Bell's appeals.

## I. LEGAL STANDARD

A district judge may refer a nondispositive matter to a magistrate judge to decide and hear. Fed. R. Civ. P. 72(a). A party may file objections to a magistrate judge's written order, and the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## II. DISCUSSION

The facts of this copyright infringement action have been recited in several entries in this action. In summary, Mr. Bell alleges copyright infringement of his photograph of the downtown

Indianapolis skyline. Mr. Bell took the photograph in 2000 and alleges the Taylor Defendants have used it in various ways without authorization. The Court will proceed to the discussion.

Mr. Bell appeals the Magistrate Judge's May 16, 2014 order on discovery matters and her May 27, 2014 order on Mr. Bell's request for a protective order. The Court will address each below.

**A.      Defendants' Motion to Compel Discovery**

A court has broad discretion in deciding whether to compel discovery. *Jones v. City of Elkhart*, 737 F.3d 1107, 1116 (7th Cir. 2013). In the Magistrate Judge's order dated May 16, 2014, she noted that a party resisting discovery has the burden to establish that potential harm outweighs the ordinary presumption in favor of broad disclosure, [Filing No. 88 at ECF p. 3](Filing No. 88 at ECF p. 3) (citing *Beach v. City of Olathe, Kansas*, 203 F.R.D. 489, 496 (D. Kan. 2001)), and that the court should consider the totality of the circumstances, [Filing No. 88 at ECF p. 4](Filing No. 88 at ECF p. 4)–5 (quoting *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)). The Magistrate Judge then went on to discuss the specific discovery requests to which Mr. Bell refused to respond.

First, in discussing the requests of documents supporting Mr. Bell's claims, she highlighted the insufficiency of Mr. Bell's arguments, namely that the documents were available publicly. The Court agrees fully with the Magistrate Judge's reasoning in granting the motion to compel Mr. Bell's response, and finds no clear error of law that would support reversal.

Second, in discussing the requests of financial documents, the Magistrate Judge found that Mr. Bell had failed to make requisite showings to defeat the presumption in favor of discovery. Specifically, Mr. Bell had not made a showing that demands for payment were in fact a settlement attempt, nor that sale and licensing documents were irrelevant. The Court agrees

fully with the Magistrate Judge's reasoning and finds no clear error of law that would support reversal.

**B.     Mr. Bell's Motion for Protective Order**

To establish the need for a protective order under Federal Rule of Civil Procedure 26(c)(7), the proponent must establish that "(1) the interest for which protection is sought is an actual trade secret or other confidential business information protected under the Rule, and that (2) there is good cause for the protective order." [Filing No. 89 at ECF p. 1](#) (citing *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998)).  Mr. Bell sought a protective order over certain documents and photographs, and the Magistrate Judge ruled that he made "no attempt to establish either criterion" cited above.  [Filing No. 89 at ECF p. 2](#).  The Court agrees with the Magistrate Judge that there has been a complete failure to establish that the documents and pictures are actual trade secrets or confidential material, and there is no clear error of law to support reversal.

### III.  CONCLUSION

Accordingly, Mr. Bell's appeals ([Filing No. 93](#); [Filing No. 94](#)) are **DENIED.**

**SO ORDERED.**

Date: _____

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com

3