UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD N. BELL, | ) | |
| Plaintiff, | ) ) ) | |
| v | ) ) | Case No. 1:13-cv-00798-TWP-DKL |
| CAMERON TAYLOR, TAYLOR COMPUTER SOLUTIONS, INSURANCE CONCEPTS, FRED O'BRIEN, and SHANNA CHEATAM, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendants' Cameron Taylor, Taylor Computer Solutions, Insurance Concepts, Fred O'Brien, and Shanna Cheatam's (collectively, "Defendants") Motion for Summary Judgment ([Filing No. 81](#)). Plaintiff Richard N. Bell ("Mr. Bell") filed this action against Defendants alleging violations of copyright and state law. For the reasons set forth below, Defendants' Motion is **GRANTED**.

**I. BACKGROUND**

At the center of this dispute is a photograph, taken by Mr. Bell, of the Indianapolis, Indiana skyline ("the Indianapolis Photo"). Mr. Bell took the Indianapolis Photo in March 2000 and first published it on the World Wide Web on August 29, 2000, by uploading it to a Webshots online account. It was later published on www.richbellphotos.com, sometime on or after March 15, 2011, where it is available for purchase or license for $200.00. Mr. Bell registered the copyright of the Indianapolis Photo effective on August 4, 2011.

**A.      Factual History**

Cameron Taylor ("Mr. Taylor") does business as Taylor Computer Solutions. He operated a website called Taylorcomputersolutions.com, which is alleged as a source of copyright infringement between January 2009 and April 14, 2011. The website consisted of 10 webpages, and the primary product sold was computer repair services. A photograph of the Indianapolis skyline taken at night was displayed on the "Locations" webpage of Taylorcomputersolutions.com. Mr. Bell took the photograph and owns the copyright of this nighttime photograph of the Indianapolis skyline. ("nighttime Indianapolis Photo"). Mr. Taylor downloaded the nighttime Indianapolis Photo from an unspecified website and uploaded it to Taylorcomputersolutions.com. Mr. Taylor did not download or display the Indianapolis Photo.

Shanna Cheatam ("Ms. Cheatam") is a real estate agent who advertises her services on ShannaSells.com, which is alleged to be a source of infringement between June 2008 and June 15, 2011. The website consisted of 6 to 7 webpages, plus additional webpages for residential real estate listings. A photograph of Ms. Cheatam appeared at the top of each page of her website. Ms. Cheatam hired Jessica Wilch ("Ms. Wilch") to design the website. Ms. Wilch downloaded the Indianapolis Photo from an unspecified "open source website," [Filing No. 98, at ECF p. 1](Filing No. 98, at ECF p. 1), and uploaded it to ShannaSells.com. The Indianapolis Photo appeared on the "Community" webpage of the website. During the period of infringement, the website averaged 144 hits per day.

Fred O'Brien ("Mr. O'Brien") operated the website insuranceconceptsfinancial.com for a few weeks in early 2011, which is also the period of alleged copyright infringement. The website consisted of 17 webpages. Mr. O'Brien downloaded the Indianapolis Photo from an unspecified website and uploaded it to insuranceconceptsfinancial.com. The Indianapolis Photo appeared on the homepage and several other webpages. The website was never advertised or marketed,

received little to no traffic, and has since been terminated. No business was generated as a result of the website.

Mr. Bell discovered Ms. Cheatam's and Mr. O'Brien's use of the Indianapolis Photo in April 2011 by utilizing Google Images search. He also discovered Mr. Taylor's use of the nighttime Indianapolis Photo in April 2011.

**B.     Procedural History**

On June 7, 2011, Mr. Bell filed this lawsuit, his third amended Complaint ([Filing No. 5](Filing No. 5)), against Defendants, and others who are no longer parties to this matter. That complaint was amended three times before the Court severed the claims and grouped like defendants together. This action was commenced on May 15, 2013, against Defendants. On March 12, 2014, Mr. Bell sought to amend his complaint a fourth time to reflect that Mr. Taylor and Taylor Computer Solutions had committed copyright infringement by using and publishing the nighttime Indianapolis Photo, instead of the Indianapolis Photo. The Court denied the motion on June 11, 2014 ([Filing No. 97](Filing No. 97)).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its

pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## III. **DISCUSSION**

Defendants seek summary judgment on Mr. Bell's claims, contending that he has failed to state a claim against Mr. Taylor and Taylor Computer Solutions, that he cannot establish lost profits such that his claims against Mr. O'Brien, Insurance Concepts, and Ms. Cheatam may continue, and that all of the state law claims are preempted by federal law. The Court will address each argument in turn.

A.  **Failure to State Claim**

A motion for failure to state a claim is generally brought under Federal Rule of Civil Procedure 12(b)(6) as a motion to dismiss. However, because materials beyond the pleadings have been attached to Defendants' Motion, it will be treated as one for summary judgment. Fed. R. Civ. P. 12(d). Defendants contend—and the Court agrees—that Mr. Bell has not pleaded or presented sufficient factual matter to sustain a claim against Mr. Taylor and Taylor Computer Solutions for infringement of the Indianapolis Photo. Mr. Bell and Defendants agree that Mr. Taylor used the nighttime Indianapolis Photo, which is not part of this complaint. Mr. Bell argues that Mr. Taylor

4

was required to raise the wrong-photo defense as an affirmative defense. "The essence of an affirmative defense is that it assumes the plaintiff can prove its factual allegations. An affirmative defense raises additional facts or legal arguments that defeat liability nonetheless." *EEOC v. Mach Mining, LLC*, 738 F.3d 171, 183 (7th Cir. 2013). But as the Court mentioned in its order denying Mr. Bell leave to amend his complaint, it is Mr. Bell's burden to support the allegations in his complaint that Mr. Taylor and Taylor Computer Solutions infringed the copyright of the Indianapolis Photo. Here, Mr. Bell can provide no evidence—regardless of the undisputed fact that Mr. Taylor did download the nighttime Indianapolis Photo—that supports his infringement claim as pleaded in the complaint. Mr. Taylor's and Taylor Computer Solution's denials in their answers sufficiently fulfilled their burden under the civil rules. Because Mr. Bell admits that Mr. Taylor and Taylor Computer Solutions did not use or infringe upon the copyright of the Indianapolis Photo, he cannot maintain his claims against them. All claims against Mr. Taylor and Taylor Computer Solutions based on the Indianapolis Photo are therefore **DISMISSED with prejudice** and Defendants' Motion is **GRANTED** as to these claims.

**B.     Copyright Infringement and Damages**

"To establish copyright infringement, one must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Copyright protection is attached at the "moment of creation" and a certificate of copyright is *prima facie* evidence of validity. *Id.* at 914–15. As to the first element, Defendants argue, albeit weakly, that Mr. Bell has not established ownership of a valid copyright, an argument that the Court rejects. Mr. Bell has stated that he took the Indianapolis Photo and he has received a valid certificate of copyright for the photograph. The Court finds this sufficient to establish ownership of the copyright. As to the

second element, Mr. O'Brien and Ms. Cheatam—by way of Ms. Wilch—admit that they downloaded the Indianapolis Photo and posted it on their websites. They have not argued that these acts do not rise to the level of "copying." The Court finds that these acts do amount to copying of a copyrighted work, and thus that the basic elements of copyright infringement has been established.

Defendants instead rest their motion for summary judgment on the premise that Mr. Bell cannot establish actual damages or indirect profits.[1] Actual damages are "usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyright work to the infringer." *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003).

Mr. Bell contends that he is entitled to actual damages of $200.00 from each of Defendants, as he has "sold for several years and currently sells the perpetual commercial rights to display digital download version [sic] of all his photos . . . for use on the web for $200." Filing No. 90, at ECF p. 24. However, as Defendants note, Mr. Bell has not produced any objective evidence of the Indianapolis Photo's value. He cites Indiana Code 35-43-4-4(a), which states that an item's "price tag or price marking . . . constitutes prima facie evidence of the value and ownership of the property." However, this statute applies to theft, conversion, and stolen property crimes under Indiana law. It is not binding authority on copyright claims. Rather, Mr. Bell must put forth evidence of value that is based on more than "undue speculation." *McRoberts Software, Inc.*, 329 F.3d at 566. Defendants contend that because Mr. Bell has refused to produce evidence of benchmark transactions that would establish the value of the copyright, he has not shown even a

---

[1] Mr. Bell admits that he is not entitled to statutory damages, thus the only damages available to him fall under 17 U.S.C. § 504(b), actual damages and profits.

6

hypothetical value. In *McRoberts*, the Seventh Circuit found that it was not improper for a jury to consider a hypothetical value when supported by several categories of evidence that took the hypothetical value beyond speculation. Here, there is no evidence other than Mr. Bell's unsupported assertion that he has sold the rights to the Indianapolis Photo for years at a price of $200.00. Without any support or evidence, this value is based on undue speculation.

Mr. Bell also claims Defendants have profited from use of the Indianapolis Photo and he is entitled to those damages. To determine the infringer's profits, "the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). This statutory section has been interpreted "to require the plaintiff to show a reasonable relationship or causal nexus between gross revenue and the infringement." *Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 926 (N.D. Ill. 2009). This is a case of indirect profits, which "have a more attenuated nexus to the infringement" where the "infringers did not sell the copyrighted work, but used the copyrighted work to sell another product." *Id.* (internal quotation marks omitted). The Court first notes that it is undisputed that Mr. O'Brien's website garnered no traffic and generated no business. Thus, Mr. Bell simply cannot sustain a claim that Mr. O'Brien and Insurance Concepts profited from the use of the Indianapolis Photo, and he is not entitled to damages against Mr. O'Brien and Insurance Concepts.

As for Ms. Cheatam, Mr. Bell continues to argue that he has not been provided sufficient discovery to determine whether Ms. Cheatam profited from use of the Indianapolis Photo. The Court has denied Mr. Bell's request for 11 years' worth of Ms. Cheatam's tax reports as he has failed to show any causal nexus between her gross revenue and the Indianapolis Photo. The Court also found Mr. Bell's request was overbroad. Mr. Bell believes that had he been able to get this

discovery, he could find profits that are attributable to the Indianapolis Photo and create a genuine issue of material fact. Mr. Bell had opportunity to tailor his discovery requests based on the Court's rulings, but he failed to do so. As a result, he has not met his burden on summary judgment of establishing Ms. Cheatam's gross revenue or a causal nexus. *See Mackie v. Rieser*, 296 F.3d 909, 916–17 (9th Cir. 2002) ("[W]e hold that to survive summary judgment on a demand for indirect profits pursuant to § 504(b), a copyright holder must proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated indirectly from such an infringement."). Nearly a year ago, this matter was scheduled for trial by jury to begin on September 29, 2014 and Mr. Bell has not moved to continue the trial date. The Court is not required to forestall its ruling on summary judgment under Federal Rule of Civil Procedure 56(f) to allow Mr. Bell more time to "research" the profits issue. The Court finds Mr. Bell's assertion that he "believes" further "research and investigation" will lead to issues of genuine material fact to be speculative. See [Filing No. 90, at ECF p. 26](). Additionally, the Court notes that the record does contain web reports from ShannaSells.com, despite Mr. Bell's argument that he needs such reports, and presumably, the reports could have been used to attempt a causal nexus. However, the Court will not scour the record to create an argument for Mr. Bell. Therefore, Mr. Bell's claim for damages based on indirect profits fails and Defendants' Motion is **GRANTED**.

C.   **State Law Preemption**

In addition to his federal copyright claims, Mr. Bell has brought state law claims for conversion, misrepresentation, and unfair competition. However, as a general rule, federal law preempts state law claims within the subject matter of copyright. 17 U.S.C. § 301(a). Specifically, the Copyright Act preempts "all legal or equitable rights that are the equivalent to any of the

exclusive rights within the general scope of copyright" and "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." *Id*. The rights of a copyright owner are "reproduction, adaptation, publication, performance, and display of the copyrighted work." *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 501 (7th Cir. 2011) (internal quotation marks omitted). If a claim requires an extra element, *see Baltimore Orioles v. Major League Baseball Players*, 805 F.2d 663, 677 (7th Cir. 1986), it will not be preempted.

1. **Conversion**

Indiana's criminal conversion statute states that a "person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion." I.C. § 35-43-4-3(a). Indiana law permits a plaintiff who has suffered a pecuniary loss as a result of a violation of I.C. § 35-43-4-3 to bring a civil conversion claim under § 34-24-3-1. "To prevail on their civil conversion claim, the [plaintiff] must prove the elements of the criminal conversion by a preponderance of the evidence." *IP of W. 86th St. 1, LLC v. Morgan Stanley Mortg. Capital Holdings, LLC*, 686 F.3d 361, 370 (7th Cir. 2012). Mr. Bell contends that the conversion statute contains an extra element—knowingly or intentionally exerted unauthorized control—that is not required to find copyright infringement. Mr. Bell specifically argues that Defendants took possession of his photograph when they downloaded it from a website and it is this act, occurring before Defendants published the Indianapolis Photo, which constitutes conversion. However, in conversion claims, the "extra element" required generally refers to unlawfully retaining a physical embodiment of a plaintiff's work. *See Micro Data Base Sys., Inc. v. Nellcore Puritan-Bennett, Inc.*, 20 F. Supp. 2d 1258, 1262 (N.D. Ind. 1998). In *Micro Data Base*, the court found that retention of software, and not physical discs and manuals, "is simply retention of the intellectual property," which is encompassed under copyright law. *Id.* Like in that case, here, the Defendants

9

retained only an electronic copy of Mr. Bell's copyrighted Indianapolis Photo. There was no retention of a physical embodiment of the copyrighted material that was taken from Mr. Bell; Mr. Bell was not denied use of his copyright, and he has—at all times—retained possession of the Indianapolis Photo. There was no possession such that an extra element has been established. Therefore, the claim falls within the subject matter and rights of copyright law and Mr. Bell's claim for conversion must be preempted. Defendants' Motion is **GRANTED**.

### 2. Misrepresentation

Mr. Bell contends that Defendants have committed misrepresentation or deception by "passing off" his photograph as their own. He cites no Indiana statute or case law to govern the analysis of this claim. He cites only facts alleged in his response to summary judgment to support his contention that this claim is not preempted. The Court finds that Mr. Bell has failed to develop his argument or claim such that summary judgment is warranted in favor of Defendants.

### 3. Unfair Competition

Mr. Bell contends that the facts support a common law claim of unfair competition under Indiana law for "passing off." To support his claim, he alleges that Defendants did not confer credit to Mr. Bell for the Indianapolis Photo, but indicated that Defendants owned the copyright. This is not the type of "passing off" that can withstand preemption. Mr. Bell's facts describe what is called "reverse passing off," which occurs "where a defendant sells a plaintiff's product as his own," as opposed to "passing off," which occurs where a defendant sells its own product under the name or mark of another. *Higher Gear Grp. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 959 (N.D. Ill. 2002). Mr. Bell has alleged only that Defendants made unauthorized copies of his photograph and did not attribute it properly. He has not alleged that Defendants used their

own photograph and sold it or presented it as coming from Mr. Bell. Accordingly, Mr. Bell's claim is preempted and Defendants' Motion is **GRANTED**.

### C. Other Pending Motions

Currently pending are Mr. Bell's Motion to Compel and for Sanctions ([Filing No. 76](Filing No. 76)) and Defendants' Motion for Sanctions (Filing. No. 104). Mr. Bell seeks to compel Defendants to provide discovery and for sanctions against defense counsel. Defendants seek sanctions against Mr. Bell for failure to provide documents upon order of the Court. The underlying discovery disputes in each motion is now moot, given the disposition of this case on summary judgment. The Court further concludes that neither party is entitled to sanctions as requested in their motions. Accordingly, both motions are **DENIED** as moot.

## IV. <u>CONCLUSION</u>

For the reasons explained above, Defendants' Motion for Summary Judgment ([Filing No. 81](Filing No. 81)) is **GRANTED**. Mr. Bell's claims are **DISMISSED**. Mr. Bell's Motion to Compel and for Sanctions ([Filing No. 76](Filing No. 76)) and Defendants' Motion for Sanctions ([Filing No. 104](Filing No. 104)) are **DENIED**.

**SO ORDERED.**

Date: 8/26/2014

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com