**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| RICHARD N. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-00798-TWP-DKL |
| ) | |
| CAMERON TAYLOR, ) | |
| TAYLOR COMPUTER SOLUTIONS, ) | |
| INSURANCE CONCEPTS, FRED O'BRIEN, ) | |
| and SHANNA CHEATHAM, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on the parties' cross motions for summary judgment. Following the discovery of unauthorized use of his photograph of the Indianapolis skyline, Plaintiff Richard N. Bell ("Bell") initiated this action, seeking damages and declaratory and injunctive relief under copyright and state laws against numerous defendants. In an earlier Entry, the Court granted summary judgment for the Defendants, and co-Defendants Cameron Taylor ("Taylor") and Taylor Computer Solutions on the issues of damages and preemption of the state law claims. (*See* Filing No. 81). Bell filed a Motion for Partial Summary Judgment as to Declaratory and Injunctive Relief (Filing No. 143), against Defendants Insurance Concepts, Fred O'Brien ("O'Brien"), and Shanna Cheatham ("Cheatham") (collectively, the "Defendants") on August 15, 2015. Thereafter, Defendants filed their cross Motion for Partial Summary Judgment on the Issues of Injunctive and Declaratory Relief (Filing No. 148). For the following reasons, summary judgment is granted in favor of the Defendants.

# I. BACKGROUND

The following facts are not disputed. On June 7, 2011, Bell filed a Complaint in this Court under Case Number 1:11-cv-0766-TWP-DKL, asserting claims for copyright infringement and conversion. Bell sought and was granted leave to amend his complaint multiple times, and on December 6, 2012, his Third Amended Complaint became the operative pleading in the 2011 case. The Third Amended Complaint named twenty-two defendants and included Taylor, Taylor Computer Solutions, Insurance Concepts, O'Brien, and Cheatham as defendants and asserted copyright infringement and conversion claims involving a photograph of the Indianapolis skyline during the daytime (the "Indianapolis Photo"). Specifically, Bell alleged that the Defendants used his copyrighted photograph of the Indianapolis Photo on their respective business websites, without license.

On May 14, 2013, the Magistrate Judge held a pretrial conference with the parties to discuss the case management deadlines and the prospect of severing misjoined defendants. The parties agreed to sever the lawsuit into three separate causes of action based upon related groups of defendants. On May 15, 2013 Bell's case against the Defendants, Taylor and Taylor Computer Solutions was severed and assigned a new cause number—1:13-cv-0798-TWP-DKL—this case. The Third Amended Complaint remains the operative pleading in this case (Filing No. 5).

The dispute in this matter centers on the Indianapolis Photo taken by Bell in March 2000 and first published on the Internet on August 29, 2000. Bell later published the Indianapolis Photo on www.richbellphotos.com sometime on or after March 15, 2011, where it is available for purchase or license for $200.00. Bell later registered the Indianapolis Photo with the U.S. Copyright Office on August 4, 2011. In April 2011, before registering the Indianapolis Photo with the Copyright Office, Bell discovered O'Brien's use (through his business Insurance Concepts)

and Cheatham's use of the Indianapolis Photo by conducting an Internet search using the Google Images website.

O'Brien owned and operated Insurance Concepts. In connection with operating Insurance Concepts, O'Brien operated the website insuranceconceptsfinancial.com for the first half of 2011. For about six to eight weeks during February to April 2011, O'Brien included a copy of the Indianapolis Photo on his website. He obtained a copy of the Indianapolis Photo from a webcam site called CincyStreet.com, which did not give attribution to a copyright owner. O'Brien's website consisted of seventeen webpages and included more than forty-five photographs, one of which was the Indianapolis Photo. The Indianapolis Photo appeared on the homepage and several other webpages. The website was never advertised or marketed, received little to no traffic, and generated no business for O'Brien or Insurance Concepts both before and after the Indianapolis Photo appeared on the website. Bell contacted O'Brien about his unauthorized use of the Indianapolis Photo in April 2011. O'Brien immediately removed the Indianapolis Photo from the website. The website was shut down in mid-2011 and no longer exists because of a lack of business. Similarly, Insurance Concepts was terminated in mid-2011. O'Brien no longer has copies of the Indianapolis Photo.

Cheatham is a real estate agent. She does not sell photographs and has never designed a website. During the relevant time period, Cheatham worked for Century 21 and advertised her services on the website ShannaSells.com. Cheatham hired Jessica Wilch ("Wilch") to design the website. Wilch handled all details relating to the website, including ensuring compliance with all legal requirements. Cheatham did not personally contribute to the actual design of the website and had no hands on involvement with its creation. The website consisted of six to seven webpages and additional webpages for residential real estate listings. A photograph of Cheatham appeared

at the top of each page of her website. When designing the website, Wilch downloaded the Indianapolis Photo from an open source website, which did not give attribution to a copyright owner, and uploaded it to ShannaSells.com. The Indianapolis Photo appeared on the "Community" webpage of the website. The Indianapolis Photo appeared on the website from approximately June 2008 to June 15, 2011. During the six months just before the Indianapolis Photo appeared on the website, the website averaged 198 hits per day. However, during the first eight months with the Indianapolis Photo on the website, the website averaged only 144 hits per day. Thus, the website generated less traffic with the Indianapolis Photo. In June 2011, Bell contacted Cheatham about her unauthorized use of the Indianapolis Photo. The Indianapolis Photo was immediately removed from the website on June 15, 2011. Cheatham left her employment with Century 21 in November 2014 and has no ongoing professional relationship with Wilch. The website was shut down in November 2014 when Cheatham left Century 21. Cheatham does not have any copies of the Indianapolis Photo.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007)

(citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

These same standards apply even when each side files a motion for summary judgment. The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs.*, 335 F.3d 643, 647 (7th Cir. 2003). The process of taking the facts in the light most favorable to the non-moving party, first for one side and then for the other, may reveal that neither side has enough to prevail without a trial. *Id.* at 648. "With cross-motions, [the Court's] review of the record requires that [the Court] construe all inferences in favor of the party against whom the motion under consideration is made." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 983 (7th Cir. 2001) (citation and quotation marks omitted).

## III. DISCUSSION

In its Entry on Defendants' Motion for Summary Judgment (Filing No. 105), the Court disposed of all claims brought by Bell against Defendants Taylor and Taylor Computer Solutions in favor of Taylor and Taylor Computer Solutions. That same Entry disposed of the state law claims and copyright damages claim brought by Bell against Defendants Insurance Concepts, O'Brien, and Cheatham in favor of the Defendants. (*Id.*). Therefore, this Entry addresses only the remaining claim for declaratory and injunctive relief against Defendants Insurance Concepts, O'Brien, and Cheatham.

### A. Injunctive Relief

A plaintiff seeking injunctive relief must satisfy a four-factor test in order to obtain such relief from the district court. A plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Supreme Court noted that it "has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." *Id.* at 392–93.

Defendants assert that Bell is not entitled to injunctive relief because he cannot satisfy any of the four necessary factors. Defendants first explain that Bell has not suffered an "irreparable injury" because he has suffered no injury at all, having failed to establish any damages sustained. As the Defendants point out, the Court previously determined that Bell failed to show that he suffered any damages as a result of any alleged copyright infringement by the Defendants and that

Bell was not entitled to statutory damages. Defendants assert that, even if Bell could show that he was injured, he cannot show that any injury is permanent and beyond repair. Defendants' assert that their innocent, unknowing infringement could not be irreparable. They explain that Bell has not been injured in a way that threatens the existence of his business, that shows a loss of business or market share, or that puts him at a competitive disadvantage. The Court is persuaded.

Bell fails to present any facts or evidence to show that he has suffered an "irreparable injury." Instead, Bell simply recites the four factors for injunctive relief and summarily claims that he is entitled to such relief. This is not sufficient to survive summary judgment on a claim for injunctive relief.

Next, the Defendants explain that Bell has remedies available at law, such as monetary damages, that are adequate to compensate for any injury. They explain that, while the Court already has determined that Bell is not entitled to monetary and statutory damages (remedies at law) based on the facts of this case, if any copyright injury were to occur in the future, monetary damages, statutory damages, and attorney fees would provide an adequate remedy at law. Defendants also point out that in Bell's other copyright cases decided by this Court where injunctive relief has been granted, that injunctive relief is in effect only until the defendants pay the monetary award entered against them. They assert that this is an indication that a remedy at law—monetary damages—is adequate to address any injury.

On this issue, Bell fails to present facts or evidence to show that remedies available at law are inadequate to compensate for any injury. Again, he simply recites the four factors for injunctive relief and claims that he is entitled to such relief. Bell argues that, without equitable relief, the Defendants could use or sell the Indianapolis Photo and that he would be powerless to stop the infringement. This argument ignores the strong disincentive the Defendants have to be in

litigation with Bell again and further does not address the adequate remedies available at law. Bell has several remedies available at law that are adequate to address any copyright injury. He has not shown otherwise and therefore cannot avoid summary judgment on his claim for injunctive relief.

The Defendants also address the two remaining factors for injunctive relief: balance of hardships between the plaintiff and defendant, and the public interest concerning an injunction. Bell briefly explains that the Defendants will not suffer a hardship by an injunction because it simply will not allow them to engage in unlawful copyright infringement. He also states that the public interest is served by protecting registered copyrights and encouraging compliance with federal law. The Court need not address these two remaining factors because Bell has failed to satisfy the first two factors for injunctive relief. On the claim for injunctive relief, summary judgment is granted in favor of the Defendants.

**B.      Declaratory Relief**

The district court may grant declaratory relief pursuant to 28 U.S.C. § 2201, which states,

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Concerning Bell's request for declaratory relief, the Court notes that "the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants . . . rather than [to confer] an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995). The district court is not obligated to consider whether to grant declaratory relief. *Id.* at 288.

Citing *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988), the Defendants assert that declaratory judgment may be appropriate in cases where such a judgment could affect the behavior of the defendant toward the plaintiff. But such is not the case here; a declaratory judgment would do nothing to affect the Defendants' behavior toward Bell. Upon notice, the Defendants promptly removed the copy of the Indianapolis Photo from their websites long ago, and these websites no longer exist. These Defendants have no desire to interact with Bell or use his photographs in the future.

The district courts consider whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation and quotation marks omitted). Bell states the Court should declare him the owner of the Indianapolis Photo and declare that he owns all the rights to the photograph. However, as Bell notes, the Court has already found that his assertion that he "took the Indianapolis Photo and received a valid certificate of copyright for the photograph", is sufficient to establish ownership of the copyright. (Filing No. 105 at 5). On the facts of this case, there is not a substantial controversy of sufficient immediacy and reality to warrant consideration of declaratory relief. For this reason, the Court declines to exercise its authority to grant declaratory relief, and therefore, Bell's request for declaratory relief is denied.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Richard N. Bell's Motion for Partial Summary Judgment (Filing No. 143) is **DENIED**, and Defendants Insurance Concepts, Fred O'Brien, and Shanna Cheatham's Motion for Partial Summary Judgment (Filing No. 148) is **GRANTED**. Bell's request for declaratory and injunctive relief is **DENIED**.

The Court previously disposed of all claims brought by Bell against Defendants Cameron Taylor and Taylor Computer Solutions in favor of Taylor and Taylor Computer Solutions, as well as the state law claims and copyright damages claim brought by Bell against Defendants Insurance Concepts, O'Brien, and Cheatham in favor of the Defendants. Therefore, final judgment will issue under separate order.

**SO ORDERED.**

Date: 12/4/2015

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com