UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-00798-TWP-DKL |
| ) | |
| CAMERON TAYLOR, ) | |
| TAYLOR COMPUTER SOLUTIONS, ) | |
| INSURANCE CONCEPTS, FRED O'BRIEN, ) | |
| and SHANNA CHEATHAM, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON (1) BELL'S MOTION TO RELIEVE PLAINTIFF FROM ORDERS OF THE COURT AND (2) TAYLOR DEFENDANTS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT**

This matter is before the Court on Plaintiff Richard N. Bell's ("Bell") Rule 54(B) Motion to Relieve the Plaintiff from Orders of the Court ("Motion for Relief") (Filing No. 145), and Defendants Cameron Taylor's and Taylor Computer Solutions' (collectively, "Taylor Defendants") Motion for Entry of Partial Final Judgment (Filing No. 151). The Court will address each motion in turn.

### I. BACKGROUND

On June 7, 2011, Bell filed a complaint in this Court, asserting claims for copyright infringement and conversion under Case Number 1:11-cv-0766-TWP-DKL. Thereafter, he amended the complaint multiple times to add numerous defendants. The amended complaints included Taylor Defendants, Insurance Concepts, Fred O'Brien, and Shanna Cheatham as defendants and alleged that the defendants, without license, used Bell's copyrighted work, a photograph of the Indianapolis skyline during the daytime ("Indianapolis Photo"), on their respective business websites. Bell photographed the Indianapolis Photo in March 2000 and first

published it on the Internet on August 29, 2000. Bell later published the Indianapolis Photo on www.richbellphotos.com sometime on or after March 15, 2011, where it is available for purchase or license for $200.00. Bell later registered the Indianapolis Photo with the U.S. Copyright Office on August 4, 2011. Between April and June 2011, before registering the Indianapolis Photo with the Copyright Office, Bell discovered the defendants' use of the Indianapolis Photo by conducting an Internet search using the Google Images website.

Bell sought and was granted leave to amend his complaint multiple times. On December 6, 2012, Bell's Third Amended Complaint became the operative pleading in the 2011 case. The Third Amended Complaint named twenty-two defendants and still asserted copyright infringement and conversion claims involving the Indianapolis Photo.

On May 14, 2013, the Magistrate Judge held a pretrial conference with the parties to discuss the case management deadlines and the prospect of severing misjoined defendants. The Court determined and the parties agreed that severance was appropriate, and Bell's case against Taylor Defendants, Insurance Concepts, Fred O'Brien, and Shanna Cheatham was severed and assigned a new cause number—1:13-cv-0798-TWP-DKL—this case. The Third Amended Complaint thus became the operative pleading in this case.

During the May 14, 2013 pretrial conference, case management deadlines were established to direct the litigation. The deadline to amend the pleadings was set for July 15, 2013. Eight months after the deadline, on March 12, 2014, Bell filed a motion for leave to file a fourth amended complaint to include allegations of copyright infringement and conversion involving a different photograph, a photograph of the Indianapolis skyline taken by Bell at night (the "Nighttime Photo") (Filing No. 61). The Taylor Defendants filed a compelling response in opposition (Filing No. 68). On June 11, 2014, the Court denied Bell's motion to file a fourth amended complaint

2

because he was not diligent in pursuing his claim involving the Nighttime Photo and caused an undue delay (Filing No. 97).

To put it mildly, this action has been zealously litigated by both sides. Numerous discovery disputes arose throughout the litigation. Motions to compel discovery, for a protective order, and for sanctions were filed by the parties. The Court denied Bell's motion for a protective order and granted in part the defendants' motion to compel discovery. On May 2, 2014, the defendants filed a motion for summary judgment, and on August 26, 2014, the Court entered an Order granting summary judgment in favor of the defendants (Filing No. 105). The Court's Order also denied Bell's motion to compel discovery and for sanctions.

On September 24, 2014, Bell filed a notice of appeal, appealing the Court's summary judgment order, various discovery orders, and the order denying leave to file a fourth amended complaint (Filing No. 116). On June 29, 2015, the Seventh Circuit Court of Appeals dismissed the appeal and remanded the case for lack of appellate jurisdiction, determining that Bell's claim for declaratory and injunctive relief had not yet been disposed and thus final judgment was premature. The Seventh Circuit's Mandate issued on July 21, 2015 directed the Court to resolve the outstanding issues identified above. (Filing No. 133). Following the remand, Bell filed the instant Motion for Relief and Taylor Defendants filed their Motion for Partial Final Judgment.

## II. DISCUSSION

The Court will address Bell's Motion for Relief and Taylor Defendants' Motion for Entry of Partial Final Judgment in turn.

**A.     Bell's Motion for Relief**

Bell takes issue with five Orders of the Court in his Rule 54(b) Motion. The first is the Court's Order on the defendants' Motion for Summary Judgment, wherein the Court granted

3

summary judgment to the defendants (Filing No. 105). The next Order with which Bell takes issue is the Order denying Bell leave to file a fourth amended complaint (Filing No. 97). The three remaining Orders concern discovery orders denying Bell's Second Motion to Compel (Filing No. 46), denying Bell's appeal of the Magistrate Judge's order on the Second Motion to Compel (Filing No. 96), and denying Bell's motion to compel as ordered in the Summary Judgment Order (Filing No. 105).

Under Rule 54(b), the Court may exercise its inherent authority to reconsider or revise its interlocutory orders because such orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable"). However, under the "law of the case" doctrine, the Court may refuse to consider that which has already been decided. *See Cameo Convalescent Ctr., Inc. v. Perry*, 800 F.2d 108, 110 (7th Cir. 1986). The Court has "the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal." *Id.* "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 1269. "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

Upon review of Bell's Motion for Relief, it appears that Bell has not presented new evidence or facts, new controlling case law handed down since the Court's Orders, or new arguments that could not have been presented before the Court's decisions. He has not shown a manifest error of law or fact. Rather, Bell advances the same arguments and demonstrates his disappointment in the Court's prior decisions. Therefore, the Court declines to reconsider or revise "that which has already been decided." The Court stands by its prior decisions for the reasons articulated in those Orders. Bell's Motion for Relief is **denied**.

### B.       Taylor Defendants' Motion for Entry of Partial Final Judgment

After the Court's entry of summary judgment, Bell's notice of appeal, and the Seventh Circuit's remand for lack of appellate jurisdiction, Taylor Defendants filed their Rule 54(b) Motion for Entry of Partial Final Judgment on the basis that this Court's summary judgment order disposed of all claims asserted by Bell against Taylor Defendants, and there is no just reason to delay a final judgment in favor of Taylor Defendants. Taylor Defendants explain that the sole remaining claim—Bell's request for declaratory and injunctive relief—pertains only to the other defendants, and therefore, any decision on that claim will not affect the Taylor Defendants. Thus, Taylor Defendants seek a partial final judgment. Bell did not respond to Taylor Defendants' Motion.

In light of the Court's Order on Bell's Motion for Partial Summary Judgment and the other defendants' Motion for Partial Summary Judgment, wherein the Court disposed of the remaining claim for declaratory and injunctive relief and directed entry of Final Judgment (Filing No. 163), the Court **denies** Taylor Defendants' Motion for Entry of Partial Final Judgment because the Motion is now moot.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Richard N. Bell's Motion to Relieve Plaintiff from Orders of the Court (Filing No. 145) is **DENIED**, and Defendants Cameron Taylor and Taylor Computer Solutions' Motion for Entry of Partial Final Judgment (Filing No. 151) is **DENIED as moot**.

Taylor Defendants previously filed a motion for attorney fees and a bill of costs following the Court's premature, initial final judgment. The Court terminated the motion for attorney fees until such a time when Final Judgment is entered (*see* Filing No. 139). Additionally, the Court stayed any ruling on the bill of costs. Since that time, the posture of the case has changed. The Court **strikes** Taylor Defendants' bill of costs docketed at Filing No. 108 and directs the Defendants to submit a new bill of costs and any request for attorney fees within **fourteen (14) days** of the entry of Final Judgment.

SO ORDERED.

Date: 12/4/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com