UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-cv-00798-TWP-DKL |
| ) | |
| CAMERON TAYLOR, ) | |
| TAYLOR COMPUTER SOLUTIONS, ) | |
| INSURANCE CONCEPTS, ) | |
| FRED O'BRIEN, and ) | |
| SHANNA CHEATAM, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON MOTION TO QUASH

This matter is before the Court on Defendants Cameron Taylor, Taylor Computer Solutions, Insurance Concepts, Fred O'Brien, and Shanna Cheatam's (collectively "Taylor Defendants") Motion to Quash Deposition of Counsel ([Filing No. 175](#)). After the Court entered Final Judgment in favor of Taylor Defendants, Taylor Defendants promptly filed their Bill of Costs and Motion for Attorney Fees as the prevailing party in a copyright infringement action pursuant to 17 U.S.C. § 505 on December 16, 2015. The following day, Plaintiff Richard N. Bell ("Bell") emailed Taylor Defendants' counsel, John Nelson ("Nelson"), asking for dates of when he could be deposed. Nine days later, Taylor Defendants filed their Motion to Quash on December 26, 2015, asking the Court to prohibit Bell from taking the deposition of Taylor Defendants' counsel and to quash the related document request. For the following reasons, the Court **GRANTS** Taylor Defendants' Motion to Quash.

The Court begins by noting that "[u]nder Rule 26(b)(2) of the Federal Rules of Civil Procedure, the court has the power and duty to look more closely at [] discovery requests," and is

granted broad discretion in imposing restrictions on the scope and extent of discovery. *Perry v. Best Lock Corp.*, 1999 U.S. Dist. LEXIS 23601, at *5 (S.D. Ind. Jan. 21, 1999).

The Federal Rules of Civil Procedure provide that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The Rules also allow the Court to limit discovery:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

F.R.C.P. 26(b)(2)(C). Rule 26(b)(1) considers whether the burden or expense of the proposed discovery outweighs its likely benefit. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." F.R.C.P. 26(c)(1).

In connection with the deposition notice and subpoena, Bell requested the following documents from Taylor Defendants' counsel: (1) All documents related to any matter you intend to testify in this cause; (2) All time records, time sheets and expense reports concerning this litigation, including the Cause No. 1:11-cv-766 and 1:13-cv-798; (3) Any and all documents regarding any disciplinary action taken against you by any court or disciplinary agency; (4) All Documents obtained from U.S. Copyright Office including but not limited to invoices; (5) Payments by your clients; billings to other clients showing your hourly rates during the last year;

(6) All Court filings where you requested payment of fees during the last 5 years; (7) Any and all documents regarding your suspension from the practice of law that occurred during the pendency of this litigation; and (8) All agreements with the Defendants in this cause. (Filing No. 176-1 at 1–2.)

Bell asserts that this information, and the information he hopes to obtain through deposing Nelson, is necessary to his ability to respond to the pending Bill of Costs and Motion for Attorney Fees. In responding to the Motion to Quash, Bell asserts that there is no other way for him to obtain the information he seeks because the Taylor Defendants themselves will not have information concerning Nelson's hours and billing rates; Nelson is the only person with knowledge of the information sought.

In opposing the Motion to Quash, Bell argues that the case was on appeal to the Seventh Circuit, so the Court should wait to rule on the Motion to Quash, pending a decision from the Seventh Circuit. This argument is now moot because the Seventh Circuit has issued its opinion and mandate, wherein the Court's decision was affirmed in all respects. Next, Bell briefly provides factual distinctions between this case and three of the cases cited by Taylor Defendants in their Motion to Quash. Then Bell spends considerable time arguing against the underlying Bill of Costs and Motion for Attorney Fees. He attacks the number of hours worked by Nelson in this case. He attacks the sufficiency of time records that have been produced by Taylor Defendants. And he attacks in general the awarding of attorney fees altogether. Finally, Bell devotes a significant portion of his response brief discussing mental health issues, alcoholism and its effect on memory, and the attorney discipline history of Nelson. He argues that these issues undermine the reliability of Nelson's non-contemporaneous time sheets, which again, pertains to the underlying Bill of Costs and Motion for Attorney Fees.

In their Motion to Quash, Taylor Defendants ask the Court to prohibit Bell from taking the deposition of Taylor Defendants' counsel and to quash the related document request. They explain that it is only in extraordinary circumstances that parties are permitted to depose opposing counsel and only where the information sought is relevant and non-privileged and crucial to preparation of the case. Furthermore, if the information is available through other means, those other means should be utilized.

While Taylor Defendants acknowledge that there is no absolute bar to deposing opposing litigation counsel, they also note the strong potential for abuse by deposing opposing counsel. They explain that courts have recognized the potential for abuse in deposing opposing litigation counsel by inviting "delay, disruption of the case, harassment and unnecessary distractions into collateral matters." *Simmons Foods, Inc. v. Willis*, 2000 U.S. Dist. LEXIS 6467, at *7 (D. Kan. 2000). In *United States Liab. Ins. Co. v. Goldin Metals, Inc.*, 2012 U.S. Dist. LEXIS 4881 (S.D. Miss. Jan. 17, 2012), the court quashed the deposition of opposing litigation counsel, stating that "[a]s a general matter, depositions of opposing counsel are disfavored and should be permitted only in limited or unusual circumstances." *Id.*; *see also M & R Amusements Corp. v. Blair*, 1992 U.S. Dist. LEXIS 7487, at *4 (N.D. Ill. 1992) ("Deposing an opponent's attorney is a drastic measure. It not only creates a side-show and diverts attention from the merits of the case, its use also has a strong potential for abuse.").

When considering the propriety of deposing opposing counsel, another court in this district considered the three factors established in *Shelton v. American Motors Corp.*: "(1) no other means exists to obtain the information than to depose opposing counsel . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."

4

*FDIC v. Fid. & Deposit Co.*, 2013 U.S. Dist. LEXIS 167833, at *8 (S.D. Ind. Nov. 26, 2013) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)).

In support of their Motion to Quash, Taylor Defendants point out that many of the documents that Bell is demanding already have been produced in this case. They attached to the Bill of Costs and Motion for Attorney Fees all the invoices for costs incurred in this case, including U.S. Copyright Office invoices and deposition invoices, as well as time sheets for all the attorney work performed in this case. Bell demands production of the client fee agreements in this case; however, Taylor Defendants produced the agreements, and Bell used them as exhibits during the parties' depositions. Documents regarding Nelson's attorney discipline have been attached to filings in this case, including Bell's response brief to the Motion to Quash. Many of these documents are public record. Additionally, documents from the U.S. Copyright Office are public record, and the documents are ones that Bell already has or were created because of Bell. Thus, there are less burdensome ways for Bell to obtain the documents than through a deposition and document request of opposing litigation counsel.

Importantly, Taylor Defendants explain that they offered to provide the requested information to Bell through interrogatory responses and other means, but Bell refused these other means to obtain information. Bell did not respond to Taylor Defendants' assertion that they offered to provide the requested information to Bell through less burdensome means such as through interrogatories. Bell's silence speaks volumes. To demand information and then be offered that information through another less burdensome method, and then refuse such an offer, is an indication to the Court that Bell's motivation to depose opposing counsel is to impose an undue burden and expense and to embarrass rather than to obtain information. This reasonable inference

is further supported by Bell's complete lack of response to Taylor Defendants' argument in their Motion to Quash.

Taylor Defendants explain that there are other means by which Bell can obtain additional information; they have offered, and Bell has rejected. They assert that the information sought is irrelevant to the only remaining issue before the Court—attorney fees. They argue that Bell's discovery demand is an open-ended request to seek irrelevant materials designed to embarrass, delay, harass, and increase costs. Taylor Defendants point to examples from the depositions of Fred O'Brien and Jessica Wilch taken by Bell that illustrate a pattern of asking questions to embarrass and that are not related to the merits of the case.

Finally, Taylor Defendants argue that Bell's attempt to conduct a mental health examination of Nelson via a deposition on the topic of attorney fees serves no other purpose than to embarrass and harass, and Bell is not qualified to conduct such a mental health examination.

The materials before the Court support Taylor Defendants' argument against allowing the deposition of opposing litigation counsel and the production of related documents. Taylor Defendants' arguments are well taken. Most, if not all, of the documents Bell has requested have already been produced to Bell or are easily available to Bell through other means. Some documents (especially documents relating to attorney disciplinary issues) are so far removed from being relevant that any potential benefit is far outweighed by the undue burden, delay, embarrassment, and harassment. The amount of detail regarding attorney fees and his arguments against fees that Bell has provided in his response to the Motion to Quash is an indication that he does not need to depose opposing counsel or obtain additional documents. As demonstrated in his opposition to the Motion to Quash, Bell is adequately prepared to respond to the pending Bill of Costs and Motion for Attorney Fees.

## **CONCLUSION**

In light of the above noted facts, and considering the level of potential abuse in deposing opposing litigation counsel, the Court **GRANTS** Taylor Defendants' Motion to Quash (Filing No. 175). Bell is prohibited from deposing Taylor Defendants' counsel, Nelson, and no response to the related document request is required. Bell is directed to file a Response, if any, to the Bill of Costs (Filing No. 172) and Motion for Attorney Fees (Filing No. 173) within **seven (7) days** of the date of this Order. Much of a response could come from Bell's response to the Motion to Quash. Any Reply to a Bell Response Brief must be filed with **seven (7) days** of Bell's filing. The parties should anticipate no extensions of time.

    **SO ORDERED.**

Date: 08/26/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com