**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| RICHARD N. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-00798-TWP-DKL |
| ) | |
| CAMERON TAYLOR, ) | |
| TAYLOR COMPUTER SOLUTIONS, ) | |
| INSURANCE CONCEPTS, FRED O'BRIEN, ) | |
| and SHANNA CHEATAM, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANTS' MOTION FOR
ATTORNEY FEES AND COSTS**

This matter is before the Court on Defendants Cameron Taylor's, Taylor Computer Solutions', Insurance Concepts', Fred O'Brien's, and Shanna Cheatam's (collectively, "Taylor Defendants") Motion for Attorney Fees and Costs and Bill of Costs (Filing No. 172, Filing No. 173) pursuant to 17 U.S.C. § 505 of the Copyright Act, 28 U.S.C. § 1927, and Federal Rules of Civil Procedure 54 and 68. Taylor Defendants filed their request for costs and fees after they became the "prevailing party" in this Copyright Act case. For the following reasons, the Court **GRANTS** Taylor Defendants' request for costs and fees.

**I.   BACKGROUND**

To put it mildly, this dispute has been zealously litigated by both sides. On June 7, 2011, Plaintiff Richard N. Bell ("Bell"), a practicing attorney and professional photographer, filed a complaint in this Court against the five Taylor Defendants and twenty other defendants, asserting a claim for copyright infringement of a photograph of the Indianapolis skyline taken by Bell during the day ("Indianapolis Photo") under case number 1:11-cv-766. In their Answer, Taylor

Defendants denied ever using the Indianapolis Photo. In discovery responses, Taylor Defendants denied using the Indianapolis Photo and, in fact, produced a copy of a nighttime photograph of the Indianapolis skyline taken by Bell ("Indianapolis Nighttime Photo"), which Mr. Taylor admitted using on his website.

Following numerous amendments to the complaint and an order severing the misjoined defendants, Bell's Indianapolis Photo copyright lawsuit against Taylor Defendants continued under case number 1:13-cv-798 (this case). After the Order severing the misjoined defendants, Bell sought to amend his complaint a fourth time to add allegations regarding the Indianapolis Nighttime Photo. On June 11, 2014, the Court denied Bell's motion to file a fourth amended complaint because he was not diligent in pursuing his claim involving the Indianapolis Nighttime Photo, and he caused an undue delay ([Filing No. 97](Filing No. 97)).

Before the Court ruled on Bell's motion to file a fourth amended complaint, Bell initiated an entirely new case with a new complaint filed in this Court on April 7, 2014, alleging copyright infringement of the Indianapolis Photo and the Indianapolis Nighttime Photo against numerous defendants, including Mr. Taylor and Taylor Computer Solutions, under case number 1:14-cv-525. One month later, the Court ordered severance of the misjoined defendants in that action, and the case against Mr. Taylor and Taylor Computer Solutions proceeded without the numerous other misjoined defendants under case number 1:14-cv-785.

In this case, Taylor Defendants filed a motion for summary judgment on May 2, 2014. On August 26, 2014, the Court granted the motion for summary judgment and entered final judgment against Bell. Bell appealed the decision to the Seventh Circuit Court of Appeals, which dismissed the appeal for lack of jurisdiction so that the Court could resolve the issue of declaratory and injunctive relief. Bell and Taylor Defendants moved for summary judgment on the claim for

declaratory and injunctive relief, and the Court entered judgment in favor of Taylor Defendants. Bell again appealed the decision to the Seventh Circuit.

In case number 1:14-cv-785, Taylor Defendants filed a motion to dismiss, asserting that *res judicata* barred the action against Taylor Defendants. The basis for their *res judicata* argument was the Court's summary judgment order in this case (1:13-cv-798) in favor of Taylor Defendants. The Court granted Taylor Defendants' motion to dismiss, and Bell filed a motion to alter or amend the judgment under Rule 59(e). The Court denied Bell's motion to alter the judgment, and Bell filed an appeal to the Seventh Circuit.

The Seventh Circuit reviewed the Court's orders in this case and the orders in case number 1:14-cv-785 and affirmed this Court's orders in all respects. While the appeal was pending, Taylor Defendants filed their Motion for Attorney Fees and Costs (Filing No. 173). As the prevailing party in a copyright action, Taylor Defendants seek their costs and attorney fees pursuant to 17 U.S.C. § 505. They also rely on 28 U.S.C. § 1927 as an additional basis for requesting their costs and fees.

## II.   LEGAL STANDARD

Under 17 U.S.C. § 505, in any copyright civil action, the district court in its discretion may allow the recovery of all costs of litigation, including an award of a reasonable attorney's fee as part of those costs, to the prevailing party. A party prevails "when it obtains a 'material alteration of the legal relationship of the parties.'" *Hyperquest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 387 (7th Cir. 2011) (quoting *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008)). "Defendants who defeat a copyright infringement action are entitled to a strong presumption in favor of a grant of fees." *Hyperquest*, 632 F.3d at 387. "When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of

awarding fees is very strong." *Assessment Techs. of WI, LLC v. Wire Data, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004); *see also FM Indus. v. Citicorp Credit Servs.*, 614 F.3d 335, 339 (7th Cir. 2010) ("a defendant that prevails in copyright litigation is presumptively entitled to fees under § 505").

The United States Supreme Court noted that in determining whether to exercise its discretion to award costs and fees in a copyright case, district courts should look to a number of nonexclusive factors including:  (1) the frivolousness of the action; (2) the losing party's motivation for filing or contesting the action; (3) the objective unreasonableness of the action; and (4) the need to "advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994).

Section 1927 of Title 28 of the United States Code provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious," and the attorney may be subject to an attorney fees sanction under 28 U.S.C. § 1927. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (citation and quotation marks omitted).

### III. DISCUSSION

The Taylor Defendants assert that they should be awarded their attorney fees and costs under 17 U.S.C. § 505 because they are the prevailing party and each factor noted in *Fogerty* suggests that such an award is appropriate in this case.  Taylor Defendants also assert that an award of attorney fees and costs is warranted under 28 U.S.C. § 1927 because Bell unreasonably and vexatiously increased the costs of this litigation.  In opposing the Motion, Bell fails to address the

*Fogerty* factors regarding the propriety of an attorney fee award; instead, he generally, and in some instances specifically, attacks the amount of time spent by Taylor Defendants' counsel on tasks throughout this litigation. Bell also fails to address 28 U.S.C. § 1927, the unreasonable and vexatious litigation statute.

**A.     17 U.S.C. § 505 and the *Fogerty* Factors**

When the court considers whether to exercise its statutory discretion to award costs and fees under 17 U.S.C. § 505, the court should consider the frivolousness of the action, the losing party's motivation for filing or contesting the action, the objective unreasonableness of the action, and the need to "advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535 n.19. Keeping in mind the strong presumption in favor of awarding fees and costs to prevailing defendants in copyright suits, the Court now considers each of these factors in turn.

**1.     The frivolousness of the action.**

Bell brought claims for copyright infringement and state law conversion (theft). Based on well-settled law, the Court ruled that Bell's state law conversion claim was preempted by the Copyright Act and therefore was legally baseless. Taylor Defendants assert that, based on this well-established case law, Bell should have known that a state law conversion claim was legally untenable. Taylor Defendants assert that this fact is accentuated by the Court's application of preemption even as to defaulted defendants in the 1:11-cv-766 case (the predecessor to this case).

Regarding Bell's copyright infringement claim, Bell had notice from Taylor Defendants that they had never used or copied the Indianapolis Photo, yet Bell persisted in his lawsuit against them. He delayed and then eventually tried to amend his complaint a fourth time, well after the deadline, to add the Indianapolis Nighttime Photo. At no point in this litigation did Bell possess

5

evidence to prove a conversion or copyright claim against Taylor Defendants for the Indianapolis Photo.

Taylor Defendants argue that Bell's case was frivolous because he neglected to perform an adequate pre-suit factual and legal investigation. The facts and legal claims against Taylor Defendants were not supported and should have never been brought. Bell was not entitled to statutory damages, as he admitted during motions practice, and there were no grounds for a money judgment. Declaratory and injunctive relief also were denied because Taylor Defendants immediately ceased any alleged wrongdoing. Taylor Defendants, relying on *Eagle Serv. Corp. v. H20 Ind. Serv.*, 532 F.3d 620, 623 (7th Cir. 2008), explain that the fact Bell could not and did not recover anything from this case highlights the frivolousness of the case. "[T]he suit was frivolous even if there was a copyright violation. When a plaintiff is just suing for money and he has no ground at all for obtaining a money judgment, the fact that his rights may have been violated does not save his suit from being adjudged frivolous." *Id.* Taylor Defendants' arguments are well taken, and thus, the Court determines that this factor weighs in favor of awarding attorney fees and costs to Taylor Defendants.

### 2. The losing party's motivation for filing or contesting the action.

Considering Bell's motivation for filing this action, the Court finds that Bell's motivation is questionable. Bell has filed numerous suits in this Court, each involving the same or similar infringement allegations. In many of these copyright infringement suits, Bell has improperly joined several defendants, thereby saving himself extensive filing fees. After filing suit, Bell offered quick settlements to defendants who were unwilling to pay for a legal defense. In some of Bell's lawsuits, the district court determined that the misjoined defendants should be severed. Additionally, while Bell's motion to amend his complaint a fourth time was pending in this case,

Bell filed a second copyright case against Taylor Defendants, asserting the same claims as those asserted in the proposed fourth amended complaint. This resulted in the exact same plaintiff and defendants litigating the exact same claims in the same Court in two different actions. Furthermore, Bell lacked any evidentiary support for his Indianapolis Photo claims against Taylor Defendants. Bell's motivation for filing this action appears to be an attempt to extract quick, small settlements from many defendants instead of using the judicial process to protect his copyright against legitimate infringing actors. This factor also weighs in favor of awarding attorney fees and costs.

### 3. The objective unreasonableness of the action.

Taylor Defendants argue that Bell's lawsuit is objectively unreasonable based on his intentional misjoinder of numerous defendants, his continued pursuit of and demand for damages that was inconsistent with the facts, his threats and demands for attorney fees that were unsupportable, and his refusal to cooperate in the discovery process despite a court order compelling discovery. A review of Bell's litigation and his conduct leads the Court to determine that this factor weighs in favor of awarding attorney fees and costs to Taylor Defendants.

### 4. The need to "advance considerations of compensation and deterrence."

Taylor Defendants assert that this factor weighs heavily in favor of awarding attorney fees and costs because Bell is using antiquated copyright laws and his legal knowledge as an experienced lawyer to exploit the courts and the legal system against numerous uninformed individuals for quick settlements. This is not the purpose of the Copyright Act; rather, the Copyright Act serves to protect legitimate interests in original works. As the Seventh Circuit has explained, a prevailing defendant is entitled to a "very strong" presumption in favor of being awarded attorney fees in order to make certain that a copyright defendant does not disregard a

meritorious defense in situations in which "the cost of vindication exceeds the private benefit to the party." *Assessment Techs.*, 361 F.3d at 437. Consistent with the purposes of the Copyright Act and its provision regarding an award to prevailing parties, and to advance considerations of compensation and deterrence, awarding Taylor Defendants their attorney fees and costs is appropriate.

### B.     Fees Under 28 U.S.C. § 1927 and Costs Under Rule 68

Taylor Defendants assert that 28 U.S.C. § 1927 serves as an additional basis to award attorney fees and costs against Bell. They argue that Bell submitted numerous unnecessary filings and unreasonably challenged every discovery order from the magistrate judge. Bell filed multiple motions for sanctions that were unwarranted. However, the Court determines that it need not reach this additional argument because 17 U.S.C. § 505 provides a sufficient basis to award attorney fees and costs.

Taylor Defendants also explain that Rule 68 of the Federal Rules of Civil Procedure provides an additional basis to award costs. "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. Pro. 68(d). Bell rejected an offer of judgment in the amount of $900.00 from Taylor Defendants, which they offered on July 11, 2013. Judgment was eventually entered against Bell, and thus, Rule 68 serves as an additional basis to award Taylor Defendants their costs.

### C.     Bell's Opposition

In response to Taylor Defendants' Motion for Attorney Fees and Costs, Bell generally, and in some instances specifically, attacks the amount of time spent by Taylor Defendants' counsel on tasks throughout this litigation. The Court has scrupulously reviewed Nelson's summary of fees and costs. Bell explains:

8

> The first document drafted after July 11, 2013 was a Motion to Amend an Answer. Between July 15, 2013 to August 14, 2013 Nelson testifies that he spent 33.8 hours on a Motion to Amend Answer; this is excessive. On September 20, 2011 Nelson reported it took only 2 hours to prepare his first answer which is most reasonable…. [I]t defies logic that an experienced lawyer could spent 33.8 hours to prepare an amended answer.

(Filing No. 185 at 5). In fact, contrary to Bell's claim, the "first document drafted after July 11, 2013," was Taylor Defendants' preliminary witness and exhibits list, which took one hour to draft and file (Filing No. 173-1 at 3 (see entry for 07/14/13)).

Bell's portrayal of these time entries suggests that Taylor Defendants' counsel, John Nelson ("Nelson"), spent nearly thirty-four hours drafting an amended answer over the course of a month. However, Bell ignores the fact that these time entries encompassed multiple tasks and multiple filings over the course of a month: reviewing correspondence from Bell, reviewing a Court order, reviewing Bell's multiple filings, conducting legal research, and drafting and filing four briefs, two of which were twenty-one pages in length with multiple exhibits.

Bell asserts, "No seasoned lawyer would likely spend no more than 4 hours preparing an amended answer in a simple copyright case." (Filing No. 185 at 5.) A review of Nelson's time sheet and the docket reveals that Nelson drafted and filed Taylor Defendants' amended answer in one hour (Filing No. 173-1 at 3 (see entry for 07/15/13); Filing No. 20), which is much less than the four hours Bell asserts a seasoned lawyer could take on preparing an amended answer.

Another example where Bell criticizes the specific time entries of Nelson's work surrounds the parties' competing position statements following the Seventh Circuit's remand and mandate. Bell explains that he spent less than four hours on his position statement. He then asserts that it is unbelievable that Nelson could spend 30.9 hours preparing a position statement (Filing No. 185 at 8–9). Nelson's time sheet reflects that he spent time working on his positon statement over the course of six separate dates. Bell's position statement that took less than four hours to complete,

9

was five pages long and contained a few citations to case law. This amounts to Bell spending approximately 0.8 hours per page working on his position statement. On the other hand, Taylor Defendants' position statement was a thirty-four page brief consisting of extensive and multiple legal arguments addressing many issues. This amounts to Nelson spending approximately 0.9 hours per page working on the position statement. There is nothing unreasonable or excessive about this 0.1 hour per page difference in time spent by Nelson where his brief contained in-depth legal analysis and argument. (*See* Filing No. 140).

Bell argues that Nelson's time entries on June 13, 2014, working for 21.6 hours on a summary judgment reply brief and a response brief to an appeal of the magistrate judge's order are "extremely excessive," and it "defies logic," and in his forty years of practicing law, he has never seen an attorney charge 21.6 hours in one day (Filing No. 185 at 7–8). When reviewing time sheets in conjunction with attorney fee requests in other cases, the Court has encountered records of attorneys working in excess of twenty hours in one day. These twenty-plus hour entries usually have coincided with important outcome-determinative events, such as trial or significant dispositive motions, long settlement negotiations, or preparation for and taking the deposition of a key witness. The Court determines that it does not "defy logic" that Nelson spent many hours on a summary judgment reply brief (twenty-one pages in length) and a response brief to an appeal of the magistrate judge's order (eight pages in length addressing an order to compel discovery). However, when balancing the reasonableness of the hours expended, (21.6 hours in a 24 hour day) the court finds this entry to be somewhat problematic and will reduce the time allowed by 50% to 10.8 hours.

Bell also claims that "Nelson in his first petition allegedly spent 15 hours reconstructing his time records. (Dkt. 108-1, 8/27/14-9/09/14)". (Filing No. 185 at 5.) Bell's suggestion that

Nelson spent fifteen hours recreating time sheets ignores the fact that the fifteen hours of work included drafting and filing a sixteen-page opening brief with multiple arguments and factors, substantial case law, and multiple attachments. This work reasonably could take fifteen hours to complete.

Bell argues that Nelson "wildly inflated" his hours especially after making an offer of judgment on July 11, 2013, which offer Bell rejected. Bell asserts that "Plaintiff observes that Nelson [sic] time records before July 11, 2013 are much more in line with the time it usually takes an experienced lawyer to prepare the respective pleadings than the time after that date." (Filing No. 185 at 4.) However, Bell fails to show how similar tasks required more of Nelson's time after the offer of judgment in comparison to before the offer. The only comparison that Bell makes relates to Taylor Defendants' Answers. "Between July 15, 2013 to August 14, 2013 Nelson testifies that he spent 33.8 hours on a Motion to Amend Answer; this is excessive. On September 20, 2011 Nelson reported it took only 2 hours to prepare his first answer which is most reasonable." (Filing No. 185 at 5.) As the Court noted above, Nelson's time sheet and the docket reveals that Nelson drafted and filed Taylor Defendants' amended answer in one hour; the 33.8 hours included additional filings and tasks. Having reviewed the time records, the Court determines that Bell's argument of wild inflation after the offer of judgment is not supported by the evidence.

Bell's response to the attorney fees request fails to explain why and how certain tasks should have taken less time. He does not provide argument or explanation for an appropriate amount of time for tasks. Rather, Bell claims in an authoritative tone that a certain amount of time on certain tasks is excessive and "should have been prepared in less than 'X' hours." Bell's approach to responding to the Motion for Attorney Fees is that of a senior partner writing down time on his junior associate's time sheets, providing no explanation or rationale, just an

11

authoritative slashing of time. This approach fails to undermine the evidence provided by Taylor Defendants' in support of the Motion for Attorney Fees.

The Court notes that an attorney's failure to complete a task in one sitting will inevitably require getting back up to speed when returning to the task again after the passage of time. The Court also notes that Bell ignores numerous "small ticket" time entries for tasks necessary to conduct this litigation. Bell ignores some of the significant motions that were litigated, such as the motion to quash opposing counsel's deposition and discovery, and he ignores the time Nelson spent reviewing Bell's numerous filings and correspondence. This case began in 2011 and has involved multiple motions for summary judgment, multiple discovery disputes, multiple appeals of magistrate judge's orders, and two appeals to the Seventh Circuit Court of Appeals. Considering these facts, the Court determines that 390.9 hours of attorney time in this case is reasonable. This amounts to 78.18 hours of work per year, or less than two full-time work weeks in the year. The 390.9 hours of attorney time comes from Nelson's time sheets submitted at Filing No. 173-1, minus the Courts reduction on the June 13, 2014 entries. In their Motion for Attorney Fees and Costs, Taylor Defendants request an additional $2,000.00 for estimated time preparing a reply brief. The Court denies this request because this Order is entered before any reply brief is filed.

To support their claim that the $200.00 hourly rate is reasonable, Taylor Defendants point to the median hourly billing rate used by law firms in the Indianapolis market, the American Intellectual Property Law Association's Economic Survey, and another fee award in a similar copyright infringement case involving Bell. The Court notes that a similar attorney fee request was filed in the "companion case" between Taylor Defendants and Bell under case number 1:14-cv-785, and there, the Court determined that an attorney rate of $200.00 and $250.00 per hour are

each reasonable in this Indianapolis copyright infringement case. The Court again determines that Nelson's hourly rate of $200.00 for work in this case is reasonable.

Regarding the costs of this litigation, Taylor Defendants submit that they have incurred $2,349.65 in expenses and costs during the course of this matter (Filing No. 173-1 at 8). They provide supporting invoices and canceled checks for these costs at Filing No. 172-2. However, a reduction of $250.00 in the amount of costs awarded is appropriate because there are no supporting receipts or invoices for "estimated copying costs" incurred on "various" dates, amounting to $250.00 (Filing No. 173-1 at 8). Therefore, the Court will reduce the award of costs by $250.00.

Bell appealed the Court's decisions in this case and in case number 1:14-cv-785 to the Seventh Circuit Court of Appeals. Following its review, the Seventh Circuit affirmed this Court's Orders and issued its Mandate in both case number 1:13-cv-798 and case number 1:14-cv-785. The Seventh Circuit also taxed Bill of Costs in favor of Taylor Defendants in the amount of $151.50 (Filing No. 56 at 1, 25 (docketed in case number 1:14-cv-785)) and awarded appellate attorney fees in the amount of $13,440.00 (Filing No. 183-1 at 2). Because the appellate fees and costs were taxed in favor of all five of the Taylor Defendants in this case, the Court did not include in its award of attorney fees and costs in the 1:14-cv-785 case any of the appellate fees and costs that were awarded to Taylor Defendants by the Seventh Circuit. This is because three of the Taylor Defendants—Insurance Concepts, Fred O'Brien, and Shanna Cheatam—were not involved in the 1:14-cv-785 case. Thus, it is appropriate to include in the award in this case the appellate fees and costs that were taxed in favor of Taylor Defendants. Therefore, the Clerk of Court is directed to add $13,591.50 ($13,440.00 + $151.50) to the Bill of Costs filed at Filing No. 172 for the line item "Costs as shown on Mandate of Court of Appeals."

## IV.  CONCLUSION

For the foregoing reasons, Taylor Defendants' Motion for Attorney Fees and Costs and Bill of Costs (Filing No. 172, Filing No. 173) are **GRANTED**.  Taylor Defendants are awarded their attorney fees in the amount of $78,180.00 (390.9 hours x $200.00), their costs in the amount of $2,099.65 ($2,349.65 – $250.00), and their appellate fees and costs in the amount of $13,591.50, for a total award of $93,871.15 against Plaintiff Richard Bell.

**SO ORDERED.**

Date: 9/2/2016

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana